IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John H. Jones, #263771, | ) | C/A No.: 1:15-3474-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Bryan Stirling, SCDC Director; | ) | |
| Neana Staley, MCI Warden; and Mr. | ) | |
| Maples, MCI Food Service Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

John H. Jones ("Plaintiff"), proceeding pro se and in forma pauperis, is incarcerated at Manning Correctional Institution ("MCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff files this action pursuant to 42 U.S.C. § 1983 against SCDC Director Bryan Stirling, MCI Warden Neana Staley, and MCI Food Service Supervisor Mr. Maples (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff states he is a diabetic and is prescribed "a medically ADA-diet." [ECF No. 1 at 3]. Plaintiff claims he is fed excess starch in the form of rice, noodles, and bread every day for three meals, which creates sugar. *Id.* Plaintiff states the bread is beyond the

expiration date 90% of the time. *Id.* Plaintiff alleges he is served canned vegetables and fruits, which he claims are full of preservatives. *Id.* Plaintiff says he is also served rotten lettuce and tomatoes, and is never served fresh fruits or vegetables. *Id.* Plaintiff claims he is often served old meat, peanut butter, and cold grits with butter. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 4

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

"The Constitution does not mandate comfortable prisons," however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).

Prisoners have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotations marks and citation omitted); *see also Farmer*, 511 U.S. at 833. The Constitution does not guarantee, however, food that is prepared and served in a culinarily-pleasing manner. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994)

(holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); *Bedell v. Angelone*, No. 2:01-cv-780, 2003 WL 24054709, *14 (E.D. Va. 2003), *aff'd per curiam*, 87 F. App'x 323 (4th Cir. 2004) ("Being served rotten food is unpleasant and unfortunate; however, it simply does not rise to the level of a constitutional violation because Plaintiff has not shown that it resulted in a serious deprivation or that Defendants were deliberately indifferent."). Although Plaintiff complains about the quality of the food MCI serves, Plaintiff has not alleged sufficient facts to show that he has suffered serious or significant harm resulting from the diet. *Strickler*, 989 F.2d at 1381 (holding "plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions"). Accordingly, the undersigned recommends that the complaint be summarily dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

September 10, 2015                              Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).